UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

August 19, 2010

MEMO TO COUNSEL RE: John Cook, III, et al. v. Baltimore City Police Department, et al.
Civil No. JFM-10-332

Dear Counsel:

      I have reviewed the memoranda submitted in connection with the motion to dismiss plaintiff's amended complaint filed by the Baltimore City Police Department, Commissioner Frederick Bealefeld, and former Colonel John Bevilacqua. I have also reviewed the memoranda submitted in connection with the motion to dismiss filed by Dwayne Green and Raymond A. Howard. The motion filed by the Baltimore City Police Department, Commissioner Bealefeld, and former Colonel John Bevilacqua is granted. The motion filed by Dwayne Green and Raymond A. Howard is denied.

      As to the first motion, plaintiff has not alleged sufficient facts to establish liability under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). All that plaintiffs have alleged are conclusory allegations, and such allegations clearly are insufficient under current Supreme Court law. *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqubal*, 129 S.Ct. 1937 (2009). Plaintiff's conspiracy claims fail because the only facts relating to the alleged conspiracy pertain to events that occurred after plaintiff's decedent was killed and therefore cannot, as a matter of causation, provide a basis for plaintiff's claims.

      The motion filed by Dwayne and Raymond A. Howard is denied on two grounds. First, it is untimely, in light of the fact that Green and Howard have previously filed an answer to the original complaint. Second, Green and Howard seek to join the arguments made by the Baltimore City Police Department, Commissioner Bealefeld, and former Colonel Bevilacqua, and these arguments simply do not pertain to the claims against Green and Howard.

      A conference call will be held on  September 9, 2010  at  9:15  a.m. to discuss the appropriate schedule in this case. I ask counsel for plaintiff to initiate the call.

      Enclosed is a tentative scheduling order with approximate dates for your information. Please consult with one another before the call and be prepared to discuss whether you would

like to participate in a settlement conference either before or after the completion of discovery, any changes to the dates in the form scheduling order, and whether there is unanimous consent to proceed before a U.S. Magistrate Judge for all proceedings.

      Also enclosed is a letter regarding a call-in hour program for the resolution of discovery disagreements.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Very truly yours,

      /s/

      J. Frederick Motz
      United States District Judge