UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

January 11, 2011

MEMO TO COUNSEL RE: John Cook, III, et al. v. Baltimore City Police Department, et al.
Civil No. JFM-10-332

Dear Counsel:

      I have reviewed the plaintiff's motion to substitute the names of Jared Fried and Angela Choi for defendants John Does 1 and 2 (document 35) and the memoranda submitted in connection therewith.

      The motion is denied. Plaintiffs did not file their motion until November 30, 2010. The deadline set by the scheduling order entered by this court on September 9, 2010 for joining additional parties and to file amendments to the pleadings was October 12, 2010. Because the scheduling order sets this deadline, in order to substitute parties as they request, plaintiffs must show good cause for the modification of the October 12, 2010 deadline. *See Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 618, 632 (2003).

      Plaintiffs contend that their filing of the motion to substitute after the October 12, 2010 deadline set by this court in the scheduling order is justified on the ground that they did not learn the identity of Officers Fried and Choi until after the deadline had expired. This contention is flawed in several respects.

      First, the incident giving rise to this suit occurred on August 14, 2007. Plaintiffs had ample time to learn the identities of the officers involved long before they filed their motion to substitute more than three years after the incident occurred.

      Second, this suit was filed on February 16, 2010. Although I did not enter the scheduling order until September 9, 2010, the reason for the delay in the issuance of the scheduling order was that plaintiff named several improper defendants, and I had to consider (and eventually grant) dispositive motions filed by these defendants before issuing the scheduling order.

      Third, although (as plaintiffs point out) Local Rule 104.4 generally provides that "discovery shall not commence and disclosures need not be made until a scheduling order is

entered," that rule applies under the terms of the Local Rule only "[u]nless otherwise ordered by the Court or agreed upon by the parties." Nothing prevented plaintiffs from seeking to obtain the defendants' consent or an order from this court for the taking of limited discovery to ascertain the identities of the "John Doe" defendants between February 16, 2010 (when, as indicated above, this suit was filed), and August 19, 2010, when I issued my ruling granting the dispositive motions filed by several defendants.

Fourth, nothing prevented plaintiffs from requesting from me a longer deadline for the joinder of additional parties and the amendment of pleadings. I did not issue my scheduling order until I had sent counsel a tentative scheduling order (incorporating the deadlines ultimately appearing in the scheduling order) and having a conference with counsel. Likewise, even after the scheduling order was issued, nothing prevented plaintiffs from seeking an extension of the deadline for joining additional parties and amending pleadings on the ground that they had not yet been able to ascertain the identities of the "John Doe" defendants.[1] Of course, procedural rules should not serve as obstructions to persons who seek to assert claims against persons who have wronged them. On the other hand, persons against whom claims are asserted are entitled to receive timely notice if they are subjected to the risk of liability. Here, for the reasons I have stated, plaintiffs' attempt to name Officers Fried and Choi is untimely, and plaintiffs have no one but themselves to blame for the untimeliness.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge

---

[1] Although I do not base my ruling upon this ground, it also appears that plaintiffs' effort to add Officers Friend and Choi as defendants would be futile. Fed. R. Civ. P. 15(c)(1)(A) authorizes an amended complaint only where "the law that provides the applicable statute of limitations allows relation back," and the practice of circumventing statutes of limitations by naming "John Doe" defendants is not authorized under Maryland law. *See Nan v. Montgomery County*, 127 Md. App. 172, 185 (1999). Second, on the present state of the record it does not appear that Officers Fried and Choi "knew or should have known that that action had been brought against . . . them" within the period provided by Fed. R. Civ. P. 4(m) for serving summons and complaint as required by Fed. R. Civ. P. 15(c)(1)(C)(ii).